# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARTIN MARION, | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 16-6675 |
| NANCY BERRYHILL, | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
|     *Defendant*. | : | |

## ORDER

**AND NOW**, this 15th day of May, 2018, upon consideration of Plaintiff's Request for Review (Doc. No. 9), Defendant's Response (Doc. No. 11), Plaintiff's Reply (Doc. No. 14), Magistrate Judge Elizabeth Hey's Report and Recommendation (Doc. No. 15), Plaintiff's Objections (Doc. No. 16), and Defendant's Response (Doc. No. 18), it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. No. 15) is **APPROVED and ADOPTED**;[1]

---

[1]     Mr. Marion's claimed errors fall into two buckets: errors by the ALJ and errors by Magistrate Judge Hey.

As for errors by the ALJ, Mr. Marion argues that there is no substantial evidence to support the ALJ's conclusions regarding his residual functional capacity, physical limitations, punctuality, social functioning, and concentration. These arguments were considered and rejected by Magistrate Judge Hey. *See* Report & Recommendation at 32 (RFC); *id.* at 29 (physical limitations); *id.* at 31 (punctuality); *id.* 20–21 (social functioning); *id.* at 23–24 (concentration). The Court agrees with Magistrate Judge Hey's conclusions in full. In particular, the ALJ's hypothetical question to the vocational expert, which omitted any reference to physical limitations, was proper in light of: (1) the ALJ's reliance on the evaluation by Dr. Warren, *see* Report & Recommendation at 28; (2) the evidence of Mr. Marion's physical abilities, *see id.* at 28–29; and (3) the vocational expert's conclusions as to only "medium and light" jobs, *see id.* at 29 n.28.

As for errors by Magistrate Judge Hey, Mr. Marion argues that the Report and Recommendation offers post hoc justifications for the ALJ's conclusions regarding Mr. Marion's physical limitations, punctuality, and social functioning. *See* Report & Recommendation at 28–29 (physical limitations); *id.* at 31 (punctuality); *id.* at 20 (social functioning).

Two general principles guide the Court in rejecting Mr. Marion's arguments and adopting the Report and Recommendation in full. First, the Court does not require the ALJ to "use particular language or adhere to a particular format in conducting his analysis." *Jones v.*

2. Plaintiff's Request for Review (Doc. No. 9) is **DENIED**; and

3. **The Clerk of Court shall mark this case CLOSED** for all purposes, including statistics.

It is so **ORDERED**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

*Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Instead, the Court will read the ALJ's decision "as a whole." *Id.*; *see also Schuster v. Astrue*, 879 F. Supp. 2d 461, 466 (E.D. Pa. 2012) (explaining that a reviewing court should "examine the record as a whole"). Second, "no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Schuster*, 879 F. Supp. 2d at 466 (quoting *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989)); *see also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) ("[A] remand is not required here because it would not affect the outcome of the case.").

Applying these principles, the Court concludes that the record supports the ALJ's decision not to include Mr. Marion's claimed physical ailments in the hypothetical posed to the vocational expert. As Magistrate Judge Hey put the matter, "[a]lthough there is medical evidence of the existence of [some physical conditions], there is no medical evidence that these conditions caused limitation in Plaintiff's abilities." Report & Recommendation at 29. The Report and Recommendation is therefore approved, and the case is dismissed.